UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTONEEL OMAR WATSON,

Plaintiff,

v.

STEVEN B. WOLFSON, et al.,

Defendants.

Case No. 2:18-cv-02355-JAD-PAL

**ORDER**

(IFP App. – ECF No. 1)

This matter is before the court on Plaintiff Antoneel Omar Watson's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Plaintiff is a prisoner in the custody of the Clark County Detention Center. He is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has submitted a proposed complaint and requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fee.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a prisoner to begin an action without prepaying the filing fee if the prisoner submits an IFP application on the court's form along with the required supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). Prisoners must pay an initial partial filing fee of the greater of 20 percent (20%) of the average monthly deposits or 20 percent (20%) of the average monthly balance of his account

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees, the $50 administrative fee does not apply to prisoners granted IFP status under 28 U.S.C. § 1915. Thus, prisoners granted IFP status are only required to pay the $350 base fee.

1

for the six months immediately preceding the start of this action. *Id*. A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's order, which typically allow 30 days, is "cause for dismissal of the case." LSR 1-3(c). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. 28 U.S.C. § 1915(b)(2).

Here, Plaintiff has requested authority to proceed IFP; however, his IFP Application is incomplete. The Local Rules and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized prison official,[2] (2) a copy of the prisoner's trust account statement for the six-month period prior to filing,[3] and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them.[4] Plaintiff submitted the required affidavit and acknowledgement along with the financial certificate, but he did not include a copy of his inmate trust account statement. Although he may qualify to proceed IFP, the court cannot determine the amount of the initial partial filing fee because Plaintiff has not submitted the certified trust fund account statement. For the following reasons, the court will hold his IFP application in abeyance

---

[2] LSR 1-2 provides:

> An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[3] 28 U.S.C. § 1915(a)(2) states:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(emphasis added). *See also* LSR 1-2.

[4] 28 U.S.C. § 1915(a)(1) states:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

*See also* LSR 1-1.

2

until January 22, 2019, to allow him to either submit the required copy of his inmate trust account statement or withdraw the IFP application.

The court is required to conduct a preliminary screening in any case in which a prisoner or pretrial detainee is granted IFP status. 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Jones v. Bock*, 549 U.S. 199, 213–14 (2007) (screening is required before allowing an IFP complaint to move forward, issuing summonses, or requiring a responsive pleading); *see also* LSR 1-3(e) (stating that IFP applicants in civil rights actions "must pay the full partial filing fee before the court will order service of process"). Plaintiff is therefore advised that even if this action is dismissed, he must still pay the $350 base filing fee pursuant to § 1915(b) and the monthly payments will continue from his inmate account until the balance is paid. *Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016).

Plaintiff's proposed complaint (ECF No. 1-1) names as defendants Stephen B. Wolfson, Clark County District Attorney; Adam Osman, Deputy District Attorney; Joseph Lombardo, Sheriff of the Las Vegas Metropolitan Police Department; and Clark County. He alleges that his continued confinement without bail in relation to a state criminal charge is violating his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. His request for relief asks that all prosecutions by the Clark County District Attorney's Office be discontinued and defendants be ordered to pay him compensatory damages totaling $300,000.

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and federal statutes. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). The *Younger* abstention doctrine generally prevent federal courts from interfering with pending state criminal proceedings, even if there is an allegation of a constitutional violation. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Supreme Court has stated that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (when a state criminal defendant files a federal civil rights claim while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings").

If Plaintiff submits a copy of his inmate trust account statement and the court grants his

IFP application, Plaintiff will be required under § 1915(b)(2) to pay the full $350 filing fee even if his complaint is screened and dismissed. As set forth above, this court does not have jurisdiction to grant the relief Plaintiff requests. The court will therefore give Plaintiff 30 days to either: (i) submit a copy of his inmate trust account statement, or (ii) withdraw his IFP application.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Antoneel Omar Watson's Application to Proceed *In Forma Pauperis* (ECF No. 1) is HELD IN ABEYANCE.
2. The Clerk of Court shall RETAIN the proposed Complaint (ECF No. 1-1), but *SHALL NOT* issue summons.
3. Plaintiff shall have until **January 25, 2019**, to either: (i) submit a copy of his inmate trust account statement, or (ii) withdraw his IFP Application.
4. Plaintiff's failure to comply with this Order before the **January 25, 2019** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 26th day of December 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4